IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| El Paso Natural Gas Company, a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Ductos de Nogales, L.L.C. a Nevada limited liability company; et al.,<br><br>        Defendants. | No. CIV 05- 486 TUC CKJ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is a motion for default judgment filed on December 6, 2005, by the plaintiff, El Paso Natural Gas Company. [doc. #15]

    The plaintiff, El Paso Natural Gas Company (El Paso), filed this action claiming breach of contract and breach of guaranty. El Paso avers it entered into an agreement to construct a natural gas pipeline and meter station for the defendants' benefit. El Paso alleges it performed its obligations under the contract but the defendants did not tendered payment as agreed. The defendants, Cumming Gas Transmission, L.L.C. and Dwight H. Cumming (collectively, the Cumming defendants) filed an answer and counterclaim. They allege El Paso failed to complete the project on time or within budget. The defendant, Ductos de Nogales, L.L.C., was served but has not yet appeared.

1   The case has been referred to Magistrate Judge Edmonds for all pretrial matters
2 pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District
3 of Arizona.

### Discussion

The complaint was served on the defendant, Ductos de Nogales, L.L.C. (Ductos), on August 18, 2005. Ductos did not answer or file a responsive pleading. Accordingly, El Paso moved for entry of default pursuant to Rule 55(a). FED.R.CIV.P. The clerk entered default on November 22, 2005.

On December 6, 2005, El Paso filed the instant motion for default judgment. On April 27, 2006, the court ordered El Paso to file a supplement to its motion addressing the relevance, if any, of the following cases: *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872) and *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

In *Frow*, the Supreme Court held that, in a case against jointly liable defendants, the court should not issue judgment against a defaulting defendant until the case is resolved against the remaining defendants. *Frow v. De La Vega*, 82 U.S. 552 (1872). If the default judgment issued and the remaining defendants won a judgment on the merits, the court would have issued mutually contradictory judgments. *Id.* According to the Court, "[s]uch a state of things is unseemly and absurd, as well as unauthorized by law." *Id.* at 554. The rule in *Frow* was applied by the Ninth Circuit in *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

On May 16, 2006, El Paso filed a supplemental brief in support of its motion. In accordance with *Frow*, it moves that this court issue an order stating that default has been entered against Ductos and accordingly it "has no standing in this matter and is prohibited from introducing evidence, being heard at the final hearing or otherwise appearing in any way." *See Frow*, 82 U.S. at 554. It further moves that this court reserve judgment on the motion for default judgment until judgment is issued against the remaining defendants.

El Paso's motion is supported by the record and is in accordance with the rule announced in *Frow*. *Id.*

<u>Recommendation</u>

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

GRANTING IN PART the motion for default judgment filed on December 6, 2005, by the plaintiff, El Paso Natural Gas Company. [doc. #15]  The Clerk of the Court has entered default against the defendant, Ductos.  Accordingly, this defendant has no standing in this matter and is prohibited from introducing evidence, being heard at the final hearing or otherwise appearing in any way.  The remainder of the motion should be DENIED without prejudice as UNRIPE.  It may be refiled if, and when, judgment issues against the remaining defendants.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation.   If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc).

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 23rd day of May, 2006.

_____
Glenda E. Edmonds
United States Magistrate Judge